**Electronically Filed
Supreme Court
SCPW-15-0000193
08-APR-2015
12:41 PM**

SCPW-15-0000193

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

LILY TAI NOMURA, Petitioner,

vs.

THE HONORABLE MICHAEL K. TANIGAWA, JUDGE OF THE DISTRICT
COURT OF THE FIRST CIRCUIT, STATE OF HAWAI'I, Respondent Judge,

and

ASSOCIATION OF APARTMENT OWNERS OF CENTURY CENTER, INC., DANNY
ROBERTS; MICHAEL SPENCER; SAMANTHA COOK; ALETTA FLEISCHINGER;
KAYLA FERNANDEZ; KAYCEE HABAN; ALIX LUNSFORD; HANS BRODO; LILY
LUM; CHRISTOPHER SCHULTE; LYLE NAM PAK; TOM SALT; LOGAN CROWLEY;
ERIN BARASKY; JOHN DOES 1-50; and JANE DOES 1-50, Respondents.

ORIGINAL PROCEEDING
(CIV. NO. 1RC14-1-7636)

ORDER DENYING PETITION FOR WRIT OF MANDAMUS
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

Upon consideration of Petitioner Lily Tai Nomura's petition for a writ of mandamus, filed on March 23, 2015, the documents attached thereto and submitted in support thereof, and the record, it appears that Petitioner fails to demonstrate that the respondent judge committed a flagrant and manifest abuse of discretion in denying her "Motion to Set Bond for a Stay Pending Appeal." If an appeal is filed in the underlying proceeding,

Petitioner may seek relief in the district court or in the Intermediate Court of Appeal, as appropriate.  Petitioner is not entitled to extraordinary relief.  See Kema v. Gaddis, 91 Hawai'i 200, 204-05, 982 P.2d 334, 338-39 (1999) (a writ of mandamus is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action; where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which he or she has a legal duty to act); Honolulu Advertiser, Inc. v. Takao, 59 Haw. 237, 241, 580 P.2d 58, 62 (1978) (a writ of mandamus is not intended to supersede the legal discretionary authority of the trial courts, cure a mere legal error, or serve as a legal remedy in lieu of normal appellate procedure).  Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, April 8, 2015.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Richard W. Pollack

/s/ Michael D. Wilson



2